1
2
3
4
5
6                     UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9    UNITED STATES OF AMERICA,                Case No.  19-cr-00582-SI-1

10                     Plaintiff,

11          v.                                **ORDER RE: ELIGIBILITY FOR
                                              SAFETY VALVE RELIEF AND
12   FRANCISCO ALBERTO GARIBAY,               U.S.S.G. §  2D.1(B)(1)**

13                     Defendant.             Re: Dkt. Nos. 30, 31, 32

14

15          On October 23, 2020, defendant pled guilty to two counts of violating 21 U.S.C.

16   §§  841(a)(1) and (b)(1)(B)(vii), Distribution of 50 Grams or More of a Mixture and Substance

17   Containing a Detectable Amount of Methamphetamine.   At the hearing, the Court also heard

18   argument regarding defendant's eligibility for safety valve relief pursuant to U.S.S.G. § 5C1.2(a),

19   as well as whether the Court should impose a two-level enhancement to defendant's offense level

20   pursuant to U.S.S.G. § 2D.1(b)(1).

21          The questions before the Court are whether defendant "possess[ed] a firearm in connection

22   with the offense," which would render him ineligible for safety valve relief under 18 U.S.C.

23   § 3553(f) and U.S.S.G. § 5C1.2(a), and whether defendant should receive a two-level enhancement

24   under U.S.S.G. §  2D.1(b)(1) because "a dangerous weapon (including a firearm) was possessed."

25   "To avoid an enhancement under U.S.S.G. § 2D.1.1(b)(1), the burden is on the defendant to prove

26   that it was 'clearly improbable' that he possessed a firearm in connection with the offense."  *United

27   States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006).  "To qualify for safety valve relief under

28   U.S.S.G. § 5C1.2, the burden is also on the defendant to prove, but only by a preponderance of the

United States District Court
Northern District of California

evidence, that he did not possess a firearm in connection with the offense." *Id*.  "Therefore, the standard for thwarting the weapon-possession enhancement is generally higher for a criminal defendant – it is possible to possess a firearm for purposes of the enhancement under U.S.S.G. § 2D.1.1(b)(1) but not 'in connection with' a drug offense for purposes of safety valve relief." *United States v. Tanner*, 389 F. Supp. 3d 684, 686 (N.D. Cal. 2019).

The government contends that defendant should receive the two-level enhancement and that he is ineligible for safety valve relief for the same reason, namely that on October 25, 2019, defendant sold a Glock-style handgun and methamphetamine to confidential informants during the same transaction, and the government emphasizes that defendant brought the gun and drugs in the same backpack when he met with the buyers for the sale.  Defendant contends that the drug and gun transactions were independent and unrelated, and that the gun did not facilitate the drug sale.

The phrase "in connection with" is not defined in 18 U.S.C. § 3553(f) or U.S.S.G. § 5C1.2(a)(2).  "Typically, courts conduct fact-bound and contextual inquiries, focusing on details like 'the circumstances in which the firearms were found,' the implausibility of the defendants' explanations' for how the guns were unconnected to the guns, or the types or quantity of weapons possessed." *Tanner*, 389 F. Supp. 3d at 686 (quoting *Ferryman*, 444 F.3d at 1186).  Courts have held that "possession in § 5C1.2(a)(2) is an active possession whereby there is a close connection linking the individual defendant, the weapon and the offense." *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1187 (10th Cir. 2004) (citing *In re Sealed Case (Sentencing Guidelines' Safety Valve)*, 105 F.3d 1460, 1463 (D.C. Cir. 1997)); *see also United States v. Matos*, 589 F. Supp. 2d 121, 137 (D. Mass. 2008) ("The safety valve's 'in connection with' requirement demands a relationship between the defendant's firearm possession and the crime.").  In contrast, "[f]or purposes of § 2D1.1(b)(1), the government need only show that 'the weapon was found in the same location where drugs or drug paraphernalia are stored." *Zavalza-Rodriguez*, 379 F.3d at 1187.  The Tenth Circuit explained this distinction by examining the language of the two guidelines:

> Section 2D1.1(b)(1) is written in the passive voice, requiring a sentence enhancement "[i]f a dangerous weapon (including a firearm) was possessed." . . . By contrast, § 5C1.2(a)(2) is written in the active voice, mandating that possession be in 'connection with the offense. . . .  Thus, the distinctions between the language of § 2D1.1(b)(1), requiring mere proximity to the weapon, and § 5C1.2(a)(2), requiring

United States District Court
Northern District of California

2

active possession, make clear that a closer degree of connection is necessary to preclude application of the safety valve than is necessary for a finding of possession under § 2D1.1(b)(1).

*Id.* at 1186-87.

The Court concludes that defendant is eligible for the safety valve but that he is subject to the two-level enhancement.  Defendant "possessed" the firearm when he sold the gun and the drugs to the confidential informants on October 25, 2019 because he had both the drugs and the gun at the same time, and in the Court's view, that proximity is sufficient for the two-level enhancement.  *See id.* (affirming district court's finding that sentence enhancement under § 2D1.1(b)(1) applied and that defendant was also eligible for safety valve where defendant was found in bedroom where gun was present but defendant claimed gun was not his); *United States v. Mendez-Velarde*, 798 F. Supp. 2d 1249, 1252-53 (D.N.M. 2011) (where defendant was selling drugs out of motel room and had lockbox that contained both drugs and handgun, imposing enhancement under § 2D1.1(b)(1) but finding defendant eligible for safety valve because "while there is some evidence that Mendez-Velarde actively possessed the gun, the preponderance of the evidence supports finding that he did not possess the firearm in connection with the offense.").

However, the Court finds that defendant has met his burden to show that he did not possess a weapon "in connection with" the drug offense because there is not a closer degree of connection between the gun and the drug offense.  *See id.*  According to defendant's declaration, which the Court credits, the buyers had asked defendant to sell them drugs and a gun in July 2019, and when defendant could only obtain methamphetamine at that time, the drug sale proceeded.  Garibay Decl. ¶ 2.  On October 25, 2019, defendant obtained a Glock-style handgun from a source and less than an hour later sold the gun and methamphetamine to the buyers.  *Id.* ¶ 3.  The Court finds it significant that defendant possessed the gun for a relatively brief amount of time just prior to the sale. Defendant states that his sole purpose in possessing the gun was to sell it to the buyers, not to facilitate the drug sale, and that the sale of the gun was independent of the drug sale, *id.* ¶¶ 4-5, and the July 2019 drug sale supports a finding that the transactions were not dependent on one another. Defendant also states that he did not use the gun to facilitate the drug sale, nor did he use the gun (which was unloaded) for protection during the drug sale or to compel the buyers to buy the drugs.

1    *Id.* ¶¶ 4, 6.  Although the gun and drug transactions occurred at the same time, the Court concludes

2    that the record does not show that there is a relationship between the gun and the drug offense, and

3    thus that defendant is eligible for the safety valve.

4

5         **IT IS SO ORDERED**.

6

7    Dated: November 2, 2020        _____

8                                   SUSAN ILLSTON
                                    United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28